UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARCIE VAN HOVEN,

                11 CV 3197 (HB)

      Plaintiff,

               **OPINION AND ORDER**

  -against-

1199 SEIU PENSION & BENEFIT FUNDS,
1199 MEDICAL DIRECTOR,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

  Before the Court is a Motion for Summary Judgment brought by Defendants 1199SEIU National Benefit Fund (the "Fund") (misnamed "1199 SEIU Pension & Benefit Fund") and 1199 Medical Director (collectively, "Defendants"). Pro Se Plaintiff Marcie Van Hoven ("Plaintiff") filed the Complaint in May 2011 alleging that she was wrongfully denied healthcare benefits for her son. In their Motion for Summary Judgment, Defendants argue that Plaintiff's claim must be dismissed because the services requested by Plaintiff were denied after the Fund determined through its internal appeals process that these services were not covered under the terms of the Plan. For the reasons set forth below, Defendants' Motion is GRANTED.

## BACKGROUND

  The Fund is an employee welfare benefit plan that is administered in compliance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and with Sections 401(a) and 501(a), of the Internal Revenue Code of 1987, as Amended. Def. 56.1 ¶ 3. Under the Plan, the Administrator has discretionary authority to determine eligibility for benefits, to interpret all of the provisions and terms used in the Plan and to decide questions relating to eligibility for benefits. Arzu Aff. Ex. B., Plan VIII.C.

  Plaintiff is or was a participant in the Fund. Def. 56.1 ¶ 9. Plaintiff's claim arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) because she seeks a benefit from an ERISA plan. *Id.* at ¶ 5. When a participant objects to the Fund's denial of a benefit, he or she, or the

provider as an assignee, is required to file a first-level appeal, and if denied, a second-level appeal to the trustees. *Id.* at ¶ 10; Arzu Aff. Ex. B, Plan VII.B.

Plaintiff's original provider filed a request for pre-certification for laser vision surgery ("lasik") for Plaintiff's son, which was denied by the Fund because lasik is not a covered service. *Id.* at ¶ 11. Section VII.D of the Plan states: "What is not covered . . . Charges for services that are not covered by the Benefit Fund, even if the service is medically necessary." Arzu Aff. Ex. B, Plan VII.D. The Fund's Policy #59, regarding Lasik, states: "Lasik surgery will not be covered for any reason, including any diagnosis concerning non-surgical or non-trauma-induced astigmatism and/or anisotropies, because it is intended to correct refractive errors and is considered not medically necessary since more conservative methods (e.g., glasses or contact lenses) can correct the vast majority of most refractive errors." Arzu Aff. ¶ 14.

Plaintiff filed a first-level appeal of the Fund's decision on September 23, 2010, which was also denied. Arzu Aff. Ex. C, Appeal Summary. Plaintiff's second-level appeal to the Board of Trustees was heard on January 25, 2011. *Id.* Plaintiff again argued that lasik was medically necessary for her son, but the Trustees upheld the denial on the ground that lasik is not a covered benefit. Arzu Aff. Ex. D, Determination Letter.

## LEGAL STANDARD

### A. Summary Judgment

Summary judgment shall be granted in favor of a movant where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court must resolve all ambiguities and draw all inferences against the moving party. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005). The movant bears the burden of establishing the absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A material fact is one that "might affect the outcome of the suit under the governing law," and an issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) (internal quotation and citation omitted). "The party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . The nonmoving party must come forward with specific facts showing that there is *a genuine issue for trial*.' "

*Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

**B. Review of ERISA Benefit Denials**

In reviewing a claim for benefits under ERISA, the Supreme Court has held that where the Plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," review of benefit denials is deferential. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Denials may be overturned as arbitrary and capricious if the decision is " 'without reason, unsupported by substantial evidence or erroneous as a matter of law.' " *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)).

"A district judge may expand its review of an administrative decision beyond the record in front of the claims administrator upon finding 'good cause' warranting the introduction of additional evidence." *Krizek v. Cigna Grp. Ins.*, 345 F.3d 91, 96 (2d Cir. 2003) (quoting *Zervos v. Verizon, N.Y., Inc.*, 277 F.3d 635, 646 (2d Cir. 2002). Evidence of bias or misconduct could constitute such good cause. *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 67 (2d Cir. 1997).

Summary judgment is appropriate where the court finds it appropriate to limit its review to the record and finds as a matter of law that a defendant's denial of benefits was not arbitrary and capricious. *See, e.g.*, *Pesca v. Board of Trustees, Mason Tenders' District Council Pension Fund*, 879 F. Supp. 23, 25 (S.D.N.Y. 1995) (granting summary judgment to ERISA benefit plan trustees because their denial was based on the plain letter of the plan documents); *see also Buffalo Anesthesia Assocs., P.C. v. Gang*, No. 05 Civ. 0204(s), 2009 WL 1449047 (W.D.N.Y. May 20, 2009) (granting summary judgment in favor of ERISA health plan because conclusion to deny benefits was not arbitrary and capricious in view of the plan's terms).

## DISCUSSION

Defendants move for summary judgment on two distinct bases. First, Defendants argue that the complaint fails to state a claim upon which relief can be granted. Second, Defendants argue that the decision of the Fund was not arbitrary and capricious. Plaintiff did not file a

formal opposition, but rather handwrote a few objections on Defendants' Motion for Summary Judgment, nearly all of which are irrelevant to my determination.[1] Pl. Opp'n.

### A.  Plaintiff has Failed to State a Claim

Defendants argue that summary judgment is appropriate because the Complaint fails to state a claim: Plaintiff does not allege that the Fund's benefit determination violated its own plan terms or ERISA, but rather alleges that the benefits should have been covered irrespective of the plan because they are medically necessary.

To the extent Defendants argue that Plaintiff failed to state a claim, the Motion for Summary Judgment is based solely on the Complaint's allegations and is functionally the same as a motion to dismiss under Rule 12(b)(6). *See McMahon v. Fura*, No. 10 Civ. 1063, 2011 WL 6739517, at *5 (N.D.N.Y. Dec. 23, 2011).

I am required to read Plaintiff's pleading liberally, "particularly in view of her *pro se* status." *Santos v. General Elec. Co.*, No. 10 Civ. 6948, 2011 WL 5563544, *10 (S.D.N.Y. Sept. 28, 2011) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  Even viewing the Complaint with the extra solicitude afforded a pro se litigant, Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a), is a claim "to recover benefits due to [her] under the terms of [her] plan." Because Plaintiff's claim is that her son was denied medically necessary services, and not that the Fund failed to follow its own Plan in making that determination or that the Plan violated ERISA, Plaintiff has failed to plead sufficient facts to make a claim for benefits under ERISA.

In the alternative, Plaintiff seems to argue that the Plan design should be changed to allow for Lasik for her son and others with his medical problems.  This claim is also not actionable. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 891 (1996) (indicating that plan design was not subject to fiduciary review but was instead a settlor function).  There is no cause of action against settlor functions such as plan design under ERISA, and so Plaintiff could not state a claim arguing that the Plan design out to be changed.

"As a general rule, when a complaint is dismissed for failure to state a claim—and particularly when the pleading is authored by an untutored pro se litigant—the court should

---

[1] By way of example, Plaintiff objects to the characterization of her claim as being that "she was wrongfully denied healthcare benefits." Def. Mem. 1.  She writes, "my son Jason Van Hoven." Pl. Opp'n 1.

authorize re-pleading if there is reason to believe that the plaintiff may be able to articulate a viable set of allegations." *Santos*, 2011 WL 5563544, at *12 (citing *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006)). Leave to replead must be denied here because Plaintiff's claims are "fatally flawed" rather than merely "inadequately or inartfully pleaded." *Id.* (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Even were Plaintiff to replead and argue that the Fund's decision was arbitrary and capricious, her claim—as indicated in the next section—would still fail.

## B. The Fund's Decision Was Not Arbitrary and Capricious

Defendants also argue that the Fund's decision was not arbitrary and capricious. Because the Fund reserves to the fiduciary the discretion to make benefit determinations, Arzu Aff. Ex. B., Plan VIII.C, and the administrators followed the Plan's appeal procedures, my review is limited to whether the decision was arbitrary and capricious. *Kinstler*, 181 F.3d at 249. Recent Second Circuit precedent indicates that in cases, as is the case here, where an administrator "both evaluates and pays benefits claims," this creates a conflict of interest that courts should consider "in determining whether there was an abuse of discretion, but does not make *de novo* review appropriate." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008) (citing *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008)). My review of the facts suggests no abuse of discretion here and none has been raised.

The decision of the Fund was not an arbitrary and capricious interpretation of its Plan. The Determination Letter indicates that the decision was based on the fact that Lasik was simply not covered under the Plan and non-covered services were not paid for by the plan even where medically necessary. Arzu Aff. Ex. D, Determination Letter. The decision was supported by a plain reading of the Plan's terms and by the Committee's discussion with Jason, who indicated that "he can see very well with contact lenses." *Id.*; *Fay v. Oxford Health Plans of New York, Inc.*, No. 98 Civ. 0350, 2001 WL 8592, at * 4 (S.D.N.Y. Jan. 3 2001) (upholding denial of reimbursement for twenty-four hour private duty nursing in plaintiff's home, "even if such care was medically necessary," because the terms of the plan did not provide a right to that benefit);

*Pesca*, 879 F. Supp. at 25 (granting summary judgment to ERISA benefit plan trustees where denial was based on the plain wording of the plan documents).[2]

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. The Clerk of the Court is instructed to close the matter and remove it from my docket.

**SO ORDERED**

February 15, 2012
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

---

[2] Because I find that Defendants' Motion for Summary Judgment is granted on other grounds, I need not address Defendants' final argument, that the 1199 Medical Director is not a proper defendant in this case because he is not a Trustee of the Fund and under ERISA only Fund fiduciaries can be named as defendants. ERISA § 502, 29 U.S.C. § 1132.

6